UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENCARNACION SALAS, IV,<br><br>                  Petitioner,<br>    v.<br><br>ATTORNEY GENERAL,<br><br>                  Respondent. | Case No. 2:23-cv-01118-TL-TLF<br><br>ORDER FOR SERVICE, AND REPORT AND RECOMMENDATION<br><br>Noted for: September 8, 2023 |

This matter comes before the Court on petitioner Encarnacion Salas' petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his conviction. Dkt. 4, Petition for Writ of Habeas Corpus challenging Snohomish County Case No. 14-1-02282-9, filed August 17, 2023.[1] Petitioner has paid the filing fee; this petition challenges the same conviction as an earlier-filed habeas corpus petition that is currently pending in this Court; therefore, the Court recommends the petition should be dismissed without prejudice.

Petitioner may amend his other habeas corpus petition to add the double jeopardy claim. The Court has entered an order (*see* 2:23-cv-01022-JNW-TLF, Dkt. 12) allowing petitioner to amend the petition for habeas corpus that is currently pending before Judge Whitehead.

---

[1] Petitioner had filed an earlier petition for habeas corpus before Judge Benjamin Settle and Magistrate Judge Theresa Fricke, which was dismissed without prejudice because petitioner stated that he had not brought any appeal of the claim in the Washington State Supreme Court. See Salas v. Attorney General, No. 2:22-cv-01864-BHS-TLF. Dkt. 6, Amended Petition at 2-3, 6, Dkt. 8, Objections, and Dkt. 9, Order.

ORDER FOR SERVICE, AND REPORT AND
RECOMMENDATION - 1

### A. Service Order

Petitioner is currently incarcerated at the Washington State Penitentiary and is subject to the Court's Mandatory Electronic E-Filing Initiative pursuant to General Orders 02-15 and 06-16. The Clerk is directed to arrange for service by email upon respondent and upon the Attorney General of the State of Washington, copies of the petition (Dkt. 4) and of this Order of Service and Report and Recommendation. The Clerk shall also direct a copy of this Order and Report and Recommendation, and of the Court's *pro se* instruction sheet to petitioner.

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Petitioner shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Petitioner shall indicate the date the document is submitted for e-filing as the date of service.

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration on the Court's motion calendar.

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

**B**. **Report and Recommendation: Dismiss Without Prejudice**

In this case, in the petition filed August 17, 2023, petitioner challenges his Snohomish County Superior Court conviction and sentence for Murder in the Second Degree under criminal docket number 14-1-02282-9.

On July 14, 2023, petitioner filed a separate habeas corpus action before District Judge Jamal Whitehead and Magistrate Judge Theresa Fricke also challenging his Snohomish County conviction and sentence for Second Degree Murder under criminal docket number 14-1-02282-9. *See* 2:23-cv-01022-JNW-TLF, Dkt. 5. Petitioner amended his petition in that case and raised another claim. *Id.,* Dkt. 9, Amended Petition filed August 4, 2023. The Court has provided petitioner with an opportunity to file a second amended petition in cause number 2:23-cv-01022-JNW-TLF to bring all potential claims in that case. *Id.,* Dkt. 12.

There is no basis for petitioner to proceed on two habeas petitions that challenge the same conviction and sentence. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming dismissal of a later-filed duplicative lawsuit). *See also Kato v. Faatz*, 8 F.3d 27 (9th Cir. 1993) (unpublished) (a petitioner has no right to bring repetitive or duplicative habeas claims); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (court may dismiss a prisoner's duplicative complaint raising issues

directly related to issues in another pending action brought by the same party). Petitioner's *habeas corpus* petition should proceed solely on the first petition he filed, 2:23-cv-01022-JNW-TLF, which is currently pending before Judge Whitehead.

When a petitioner files a new federal habeas corpus petition while a prior habeas petition – challenging the same conviction and sentence – is pending review, the later-filed petition generally should be considered a motion to amend the earlier-filed petition. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008).

Consistent with *Woods v. Carey* petitioner is currently being allowed to amend his petition in 2:23-cv-1022-JNW-TLF, the earlier-filed habeas petition pending before Judge Whitehead and Magistrate Judge Fricke. Accordingly, the Court recommends that this matter, petitioner's second-filed habeas petition, be terminated and closed on the ground that it is duplicative of the habeas petition petitioner earlier filed in case no. 2:23-cv-1022-JNW-TLF before Judge Whitehead and Magistrate Judge Fricke. The petition in this matter should therefore be dismissed without prejudice and the case should be closed. No certificate of appealability should issue because petitioner has not made a substantial showing of the denial of a constitutional right in this matter. See 28 U.S.C. § 2253(c)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 8, 2023**, as noted in the caption.

Dated this 21st day of August, 2023.

Theresa L. Fricke
United States Magistrate Judge